Stephen HURLEY

v.

JARC BUILDERS, INC. t/a Villanova Builders and Mark Harvey.

Civ. A. No. 94–7792.

United States District Court, E.D. Pennsylvania.

Nov. 28, 1995.

Robert J. Mongeluzzi, Larry Bendesky, Daniels, Saltz, Mongeluzzi & Barrett, Ltd., Philadelphia, PA, for Plaintiff.

Joseph F. Van Horn, Jr., C. Curtis Staropoli, Swartz, Campbell & Detwiler, Philadelphia, PA, Marianne Bechtle, Montgomery McCracken Walker & Rhoads, Philadelphia, PA, for Defendant JARC Builders.

Joseph F. McNulty, Jr., Post & Schell, P.C., Philadelphia, PA, for Defendant Mark Harvey.

## MEMORANDUM

JOYNER, District Judge.

Today this Court resolves two Motions for Protective Orders concerning four depositions noticed by Plaintiff, Stephen Hurley. The Movants are Defendant JARC Builders, Inc. t/a Villanova Builders and non-defendants Dennis Satnick and Lafayette Builders, Inc.

Plaintiff was a construction worker injured in a fall from scaffolding at a construction site known as the Richter Residence (the Site). Plaintiff has sued JARC Builders, which he contends trades as Villanova Builders. The actual contractor for the Site and the relationship between JARC Builders, Villanova Builders and several other corporate entities, is disputed. Much of Plaintiff's requested discovery is aimed at establishing which entities paid for various services and received funds regarding the Site. We shall address each aspect of the requested discovery in turn.

### 1. Dennis Satnick Deposition

Dennis Satnick is the sole owner of various entities including Villanova Builders and JARC Builders and the former owner of the Site, Lafayette Road, Inc. Moreover, Villa-

nova Builders allegedly hired Satnick to perform services at the Site so as to pay Satnick on a 1099–basis.

■ Plaintiff seeks to re-depose Satnick. He asserts that the original deposition concerned different topics than the proposed second deposition would. According to Plaintiff, the first deposition covered contracts, blueprints, correspondence, minutes of meetings, reports, statements and photographs of the Site. The second deposition would address which entity was actually the contractor for the Site, which other entities were involved with the Site and what the real relationship between the various corporate entities is. Plaintiff professes that he first learned at Satnick's deposition that Lafayette Builders and Villanova Builders may have been involved at the Site and that Satnick had been hired by Villanova Builders to perform services there. It was only then, Plaintiff asserts, that a second deposition became warranted.

Federal Rule of Civil Procedure 30(a)(2)(B) states that leave of court must be granted before a deponent may be deposed more than once. A Court should apply the standards enunciated in Rule 26(b)(2) when granting or denying leave. Rule 26 gives courts the power to limit discovery upon a finding that the discovery is (1) unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome or less expensive; (2) the person seeking discovery has had ample opportunity already to obtain the information sought; or (3) the burden or expense of taking the discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2).

We find that a second deposition of Satnick is warranted. It appears that there are many unanswered questions regarding ownership and relationship of the various companies that are relevant to this litigation. Further, the Movants have not demonstrated undue burden or expense from taking a sec-

ond deposition nor any other element that would weigh in favor of a protection order.[1] For this reason, we order Dennis Satnick to appear for a second deposition at a time to be mutually agreed upon by the parties.

### 2. Dennis Satnick Documents

■ In addition to requesting Satnick's presence at a deposition, Plaintiff directs Satnick to bring with him a variety of documents. According to Plaintiff, these documents will all go to establish ownership and relationship between the companies. Movants assert that the requests are irrelevant, overbroad, oppressive and burdensome.

We agree with Plaintiff that many of the requested records could be important in establishing ownership and relationship. However, we also agree with Movants that many of the requests are overbroad and in one case, could seek privileged information. Accordingly, we make the following directions as to each request in the Notice of Deposition.

A. Accounting statements need only be provided to the extent that they are not privileged within the meaning of 63 Pa. Cons.Stat.Ann. 9.11a. To the extent the materials are privileged, Satnick is ordered to comply with Fed.R.Civ.P. 26(b)(5) and prepare a privilege log to be produced at the deposition. In addition, we limit this request to accounting statements concerning the Site.

B. JARC Builders has agreed to produce insurance policy information so that there is no dispute as to this request.

C. We find that this request, for checks regarding construction work at the Site, is valid and Satnick is ordered to comply.

D–E. We find that these requests are overbroad and limit them to materials relating to the Site.

F–H. We find that these requests are valid and Satnick is ordered to comply.

---

1. JARC Builders asserts that a protective order is warranted with respect to much of the discovery directed to it because it is "unequivocally clear" that JARC Builders was not involved with the Site and has never traded as Villanova Builders. JARC, however, repeatedly referred to itself as 'JARC Builders, Inc. t/a Villanova Builders' in its Answer to Plaintiff's Complaint and asserted as an Affirmative Defense that it entered into a general contract with Mr. and Mrs. Richter regarding the Site. Because of this, we agree with Plaintiff that JARC's relationship with Villanova and with the Site is not established and therefore, JARC's objections to discovery based simply on non-involvement must fail.

*3. Depositions of Nick Rostock, Frankford Bank and Architectural Alliance*

■ Movants object to Rostock's deposition on the ground that Rostock was Satnick and the corporate entities' accountant and therefore, any information he possesses is privileged. Movants further object to all three depositions on the ground that the information requested is overbroad and irrelevant and that the discovery sought allegedly pertains to a state action involving the same events. We will permit these depositions but limit them to the same extent we have limited the Satnick discovery.